MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: mseltzer@susmangodfrey.com

HARRY P. SUSMAN
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-Mail: hsusman@susmangodfrey.com

ADAM P. SCHIFFER
SCHIFFER ODOM HICKS PLLC
3200 Southwest Freeway, Suite 2390
Houston, TX 77027
Telephone: (713) 357-5150
Facsimile: (713) 357-5160
E-Mail: aschiffer@sohlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. MERRILL GLASGOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | Case No. CV 08-1936 WHA<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY W. MERRILL GLASGOW FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**<br><br>Date:   June 26, 2008<br>Time:   8:00 a.m.<br>Place:  Courtroom of the Hon.<br>        William H. Alsup |

1    W. Merrill Glasgow ("Glasgow") lost $71,389 as a result of his class period purchases of the shares of Schwab YieldPlus Fund – Select Shares (SWYSX) ("Schwab stock" or "the Fund"). Glasgow respectfully submits this memorandum of law in support of his Motion: (a) for his appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (b) for approval of his selection of Susman Godfrey L.L.P. as Plaintiff's Lead Counsel and Schiffer Odom Hicks PLLC, as Plaintiff's Liaison Counsel; and (c) for consolidation of the above captioned actions. Glasgow is believed to be the investor with the largest financial interest in the outcome of the case.[1] As such, Glasgow meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Glasgow satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the class, and he will fairly and adequately represent the interests of the class.

## NATURE OF THE ACTIONS

Pending before this Court are several securities class action lawsuits by purchasers of Schwab stock against Schwab, its affiliated entities, and certain of its officers and/or directors.[2] All of the above-captioned cases arise out of the same operative facts and all allege violations of Sections 11, 12, and 15 of the Securities Exchange Act of 1933 ("the 1933 Act").

The complaints charge that Schwab, certain of its related entities, and certain of its top executive officers and directors violated the federal securities laws by failing to disclose material facts relating to (i) the nature of the risk being assumed by an investment in the Fund, (ii) the illiquidity of certain securities in which the Fund invested, (iii) the extent to which the Fund's portfolio contained securities that were illiquid or exhibited the characteristics of illiquid securities so that they were highly vulnerable to suddenly becoming unsalable at the prices at

---

[1] Glasgow's certification listing his transactions in Schwab stock, as required by § 21D(a)(2) of the PSLRA, is attached to his accompanying Declaration ("Glasgow Decl.") as Exhibit A. A chart detailing his losses is attached to the Glasgow Decl. as Exhibit 1. Glasgow's losses for purposes of the current motion are not necessarily the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. Damages were calculated using the "first-in, first-out" or FIFO method.

[2] The initial complaints and notices indicated that plaintiff sought redress on behalf of a class of persons who purchased Schwab stock during the period March 17, 2005 through March 17, 2008. Glasgow's complaint reflects this Class Period.

which they were being carried on the Fund's records, and (iv) the concentration of investments in a single industry. As a result of its failures to invest as it represented in its prospectuses, the Fund lost over 20% of its value since the second half of 2007, and the net assets have fallen from a high of $13.5 billion to just $2.5 billion as of March 20, 2008.

## I. GLASGOW SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedures Mandated By The PSLRA

The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. 15 U.S.C. §78u-4(a)(3)(A)(I). Here, counsel in the first filed action caused the first notice to be published on March 17, 2008. (Exh. B, Seltzer Decl.) This notice stated that any motion for the appointment as lead plaintiff was due "no later than 60 days from that date."

The PSLRA states that within sixty (60) days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C §78u-4(a)(A) and (B). Glasgow has timely filed this motion before the expiration of the 60-day period from such publication.

The PSLRA further provides that within 90 days after publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members, 15 U.S.C. §78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the PSLRA provides that:

835470v1/010719

3

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION BY W. MERRILL GLASGOW FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. CV 08-1936 WHA

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.   Glasgow Satisfies The Requirements Of The Act

#### 1.   Glasgow Believes That He Has The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the court's determination as to which person has the largest financial interest in the relief sought by the class.

The "most adequate plaintiff" provision of the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

§21D(a)(3)(B)(I). Moreover, pursuant to §21D(a)(3)(B)(iii), the Court shall presume:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> * * *
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class.

Numerous courts have interpreted this language to mean that the person who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class. *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, (3d Cir. 2001).

Glasgow has suffered a loss of $71,389 and has a substantial stake in the litigation. The legislative history of the PSLRA demonstrates that Glasgow is precisely the type of plaintiff Congress sought to encourage to come forward. "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999). Thus, as contemplated by Congress, Glasgow will most effectively represent the interests of the plaintiff class. In addition, the proposed Lead Plaintiff has selected and retained Susman Godfrey L.L.P. as his Lead Counsel and Schiffer Odom Hicks PLLC as his Liaison Counsel, two firms which are highly experienced in prosecuting securities class actions and other types of class actions. *See* firm resumes, Exhs. C and D to Seltzer Decl. Accordingly, the proposed Lead Plaintiff satisfies the prerequisites for appointment as Lead Plaintiff under section 21D(a)(3)(B).

### 2. **Glasgow Satisfies The Requirements of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives. Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification. *See, e.g., Chill v. Green Tree Financial Corp.,* 181 F.R.D. 398, 407 at n. 8 (D. Minn. 1998)("a proposed lead plaintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck v. CellStar Corp.,* 976 F. Supp. at 546. As detailed below, Glasgow satisfies the typicality and adequacy requirements of Rule 23.

### 3. Glasgow's Claims Are Typical Of The Claims Of The Class

Generally, the typicality requirement is satisfied if the claims arise from the same event, practice or course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3rd Cir. 1985); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Kirschner Medical Corp. Sec. Litig.,* 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406-07 (D.N.J. 1990) ( typicality satisfied if class representatives and its members point to the same broad course of alleged fraudulent conduct). Indeed, to satisfy typicality, the claims of the class representatives do not have to be identical to those of the class members. *Eisenberg v. Gagnon*, 766 F.3d at 786. The focus of the typicality inquiry is not plaintiffs' behavior, but defendants' behavior. *In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,643 at 97,931 (D.N.J. 1987).

Glasgow satisfies this requirement because, just like all other class members, he: purchased Schwab securities during the class period based on false and misleading information in the prospectuses, and suffered damages thereby. Thus, his claims are typical of those of other class members since its claims and the claims of the other class members arise out of the same course of events. Because Glasgow seeks to prove that plaintiffs' claims arise from the same events, practice or course of conduct that give rise to the claims of the other class members, and

because Glasgow's claims are based on the same legal theory, the typicality requirement of Rule 23(a)(3) is satisfied. *See, Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 98 (M.D.N.C. 1993).

### 4. Glasgow Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation. *See, e.g., In re Drexel Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3rd Cir. 1975). *See also, Simpson*, 149 F.R.D. at 102; *Kirschner,* 139 F.R.D. at 79.

Glasgow is an adequate representative of the Class. The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to the existence of any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. §78u4(a)(3)(B)(v).

The interests of Glasgow are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of Glasgow and the Class. As detailed above, Glasgow shares numerous common questions of law and fact with the members of the Class and his claims are typical of the claims of other Class members. Further, Glasgow has selected Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC to represent him, firms that are highly experienced in prosecuting securities class actions and other types of class actions. Moreover, Glasgow suffered dramatic losses and therefore has a substantial stake in the litigation.

## II. THIS COURT SHOULD APPROVE GLASGOW'S CHOICE OF LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchants Acceptance Co.,* 1997 WL 405668 at *5 (N.D. Ill. Aug. 11, 1997). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa). *See In re MicroStrategy Inc. Sec. Litig.,* 110 F. Supp.2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ..."). Congress' theory in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring counsel's performance ..." *In re: Razorfish, Inc. Securities Litigation,* 143 F. Supp. 2d 304, 307 (S.D. N.Y. 2001).

Accordingly, Glasgow has selected and retained Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC, which possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* Resumes of Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC (Exhs. C and D to Seltzer Decl.) Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available.

## III. THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate when actions involve common questions of law and fact. Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995). Rule 42(a), provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is common in federal securities class action cases. *In re Cendant Corporation Litigation,* 182 F.R.D. 476, 478 (D. N.J. 1998). Indeed, section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Cendant Corporation Litigation*, 182 F.R.D. 476, 478 (D. N.J. 1998).

"In securities actions where the complaints are based on the same 'public statements and reports'", as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D. N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D. N.Y. 1978)). *Accord, e.g., In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 292 (E.D. N.Y. 1998). Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here. Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying Glasgow's motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation. *Compare*, Manual For Complex Litigation, §§ 41.2 & 41.31.

## IV. CONCLUSION

For all the foregoing reasons, Glasgow respectfully requests that the Court consolidate these actions and appoint it as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA. Glasgow further requests that the Court approve its choice of Susman Godfrey L.L.P. as Lead Counsel and of Schiffer Odom Hicks PLLC as Liaison Counsel.

Dated: May 16, 2008

MARC M. SELTZER
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
E-Mail:  mseltzer@susmangodfrey.com

HARRY P. SUSMAN
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
E-Mail:  hsusman@susmangodfrey.com

**Proposed Lead Counsel**

ADAM P. SCHIFFER
SCHIFFER ODOM HICKS PLLC
3200 Southwest Freeway, Suite 2390
Houston, TX  77027
Telephone:  (713) 357-5150
Facsimile:  (713) 357-5160
E-Mail:  aschiffer@sohlawfirm.com

**Proposed Liaison Counsel**

By    /s/ Marc M. Seltzer
      Marc M. Seltzer
Attorneys for Plaintiff

835470v1/010719                              10

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION BY W. MERRILL
GLASGOW FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. CV 08-1936 WHA