MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: mseltzer@susmangodfrey.com

HARRY P. SUSMAN
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-Mail: hsusman@susmangodfrey.com

ADAM P. SCHIFFER
SCHIFFER ODOM HICKS PLLC
3200 Southwest Freeway, Suite 2390
Houston, TX 77027
Telephone: (713) 357-5150
Facsimile: (713) 357-5160
E-Mail: aschiffer@sohlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. MERRILL GLASGOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | Case No. CV 08-1936 WHA<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MARC M. SELTZER IN SUPPORT OF MOTION BY W. MERRILL GLASGOW FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**<br><br>Date:    June 26, 2008<br>Time:    8:00 a.m.<br>Place:   Courtroom of the Hon.<br>           William H. Alsup |

1    I, MARC M. SELTZER, hereby declare as follows:

2        1.    I am an active member of the State Bar of California, a partner in the law firm of

3    Susman Godfrey L.L.P., and one of the attorneys for Movant W. Merrill Glasgow ("Movant") in

4    this matter. I am informed and believe that the matters set forth below in this declaration are true

5    and correct, and, if called as a witness, could and would testify competently thereto.

6        2.    I make this declaration in support of the Motion by W. Merrill Glasgow for

7    Consolidation, Appointment as Lead Plaintiff, and Approval of Movant's Selection of Lead

8    Counsel.

9        3.    Attached hereto as Exhibit A is a true and correct copy of the Sworn Certification

10   of W. Merrill Glasgow.

11       4.    Attached hereto as Exhibit 1 to Movant's Sworn Certification is a chart

12   summarizing the Movant's losses.

13       5.    Attached hereto as Exhibit B is a true and correct copy of the Notice to Members

14   of the Class published on April 15, 2008.

15       6.    Attached hereto as Exhibit C is a copy of the Firm Resume of Susman Godfrey

16   L.L.P.

17       7.    Attached hereto as Exhibit D is a copy of the Firm Resume of Schiffer Odom

18   Hicks PLLC.

19

20       I declare under penalty of perjury under the laws of the United States of America that the

21   foregoing is true and correct.

22       Executed this 16th day of May, 2008, at Los Angeles, California.

23

24                                    /s/ Marc M. Seltzer
25                                    MARC M. SELTZER

26

27

28
     DECLARATION OF MARC M. SELTZER IN SUPPORT OF MOTION
     BY W. MERRILL GLASGOW FOR APPOINTMENT AS LEAD PLAINTIFF
     AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
     Case No. CV 08-1936 WHA

**EXHIBIT A**

## CERTIFICATION OF W. MERRILL GLASGOW

1.   I have reviewed the complaint prepared by counsel in this case.

2.   I did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under federal securities laws.

3.   I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.   On February 13, 2007, during the proposed Class Period, I bought $800,000 worth of shares in the Schwab YieldPlus Fund at $9.69 per share for my IRA account and $60,000 worth of shares at $9.69 for my spouse's and my personal account. In May, I bought $390,000, part at $9.69 and part at $9.68 per share, for my IRA account. Monthly dividends were reinvested for a total investment of $1,299,800. On December 12, 2007, I sold all of these shares in the Fund at a loss of $71,389. A summary of my transactions is attached as Exhibit 1.

5.   I have never before served nor sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws.

6.   I will not accept payment for serving as a representative party on behalf of a class beyond my *pro rata* share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2008.

_W. Merrill Glasgow_
W. Merrill Glasgow

**EXHIBIT 1**

| Total Quantities | Acquired* | Sold | Total Proceeds | Cost Basis | Gain or (loss) |
|---|---|---|---|---|---|
| 134,252.58 | 2/13/07 | 12/12/07 | $1,228,411 | $1,299,800 | ($71,389) |
| | 5/15/07 | | | | |
| | 5/24/07 | | | | |

*Dividends were reinvested.

# EXHIBIT B

# SUSMAN GODFREY L.L.P.

**FOR IMMEDIATE RELEASE**
April 15, 2008

### Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC File Proposed Class Action Lawsuit on Behalf of Investors in the Schwab YieldPlus Fund — SWYSX, SWYPX, SCHW

**SCHWAB YIELDPLUS FD
INVESTOR SHS**
Symbol SWYPX

**SCHWAB YIELDPLUS FD
SELECT SHS**
Symbol SWYSX

Los Angeles — Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC have filed a class action lawsuit in the United States District Court for the Northern District of California on behalf of those who purchased Schwab YieldPlus Fund Investor Shares (Nasdaq:SWYPX) or Schwab YieldPlus Fund Select Shares (Nasdaq:SWYSX) issued by an affiliate of Charles Schwab Corporation ("Charles Schwab" or the "Company") (Nasdaq:SCHW) from March 17, 2005 to March 17, 2008 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than May 16, 2008. If you wish to consider joining this action as lead plaintiff, discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Harry P. Susman of Susman Godfrey L.L.P. at (713) 651-9366 or via e-mail at hsusman@susmangodfrey.com, or Adam P. Schiffer of Schiffer Odom Hicks PLLC at (713) 357-5150 or via e-mail at aschiffer@sohlawfirm.com. You can view a copy of the complaint by clicking the link below. Any member of the class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member. Although your ability to share in any recovery is not affected by the decision whether or not to seek appointment as a lead plaintiff, lead plaintiffs make important decisions that could affect the overall recovery for class members, including decisions concerning settlement. The securities laws require the Court to consider the class member or members with the largest financial interest as presumptively the most adequate lead plaintiff.

The complaint claims Charles Schwab Corporation — headquartered in San Francisco, CA, the Fund's underwriter, investment advisers and officers and directors made false and misleading statements regarding the lack of diversification of the Schwab YieldPlus Fund and the extent of investments made in sub-prime mortgage-backed and related securities. The complaint alleges the Fund's registration statements and prospectuses contained untrue statements of material fact, and omitted important information regarding the Fund's investments.

On Nov. 15, 2004, the Company began offering shares in the Schwab YieldPlus Fund through a registration statement and prospectus. The Schwab YieldPlus Fund is advertised by defendants as "a safe alternative to money market funds that preserve principal while being designed with your income needs in mind." Throughout the Class Period, defendants claimed the Fund was invested in a large, well-diversified portfolio, a seasoned team of taxable bond portfolio managers actively managed the Fund, and that investment in shares of the Schwab YieldPlus Fund would return higher yields on cash with only marginally higher risk. Today the Fund stands at an all-time low of $6.79. Based on values as of March 31, 2008, the Fund is down more than 19.8% percent from Jan. 1, 2008.

The lawsuit claims the Fund was not well diversified, instead concentrated in a single risky industry with more than 50 percent of the Fund's assets invested in the mortgage industry. The lawsuit seeks remedies under the federal Securities Act of 1933 on behalf of all Fund purchasers during the Class Period.

Susman Godfrey, a law firm with offices in Los Angeles, Seattle, Houston, Dallas and New York, is active in major litigation pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies. The Susman Godfrey website, www.susmangodfrey.com, has more information about the firm.

Schiffer Odom Hicks, based in Houston, has also litigated cases on behalf of defrauded investors. Information about the Schiffer Odom Hicks firm is available on its website, www.sohlawfirm.com.

CONTACT:    Susman Godfrey L.L.P.
            Harry P. Susman
            (713) 651-9366
            hsusman@susmangodfrey.com
            www.susmangodfrey.com

            Schiffer Odom Hicks PLLC
            Adam P. Schiffer
            (713) 357-5150
            aschiffer@sohlawfirm.com
            www.sohlawfirm.com

To view the complaint, CLICK HERE.



**PR Newswire**
United Business Media

PLEASE REMIT TO:
PR NEWSWIRE ASSOCIATION, LLC
G.P.O. BOX 5897, NEW YORK, NY 10087-5897

For Billing and Payment Inquiries call:
**800-801-2147** or **888-776-0941**
For Wire Transfer Instructions call **201-360-6109**

Page 1 of 1

# INVOICE

Please refer to conditions of service
listed on reverse side.

INVOICE NUMBER:   100485936

DATE:   04/15/08

ACCOUNT NUMBER:   139126

AMOUNT DUE:   $1,960.00

AMY TINSLEY
SUSMAN GODFREY
1000 LOUISIANA, SUITE 5100
HOUSTON TX 77002

TERMS - DUE IN FULL UPON RECEIPT
FOR CORRESPONDENCE ONLY:
ATTN: ACCOUNTS RECEIVABLE
PR NEWSWIRE ASSOCIATION, LLC
806 PLAZA THREE
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311-3801

## PR Newswire

| ACCOUNT NAME | ACCOUNT NO. | LOG NO. | DATE | INVOICE |
|---|---|---|---|---|
| | 139126 | LATU132 | 04/15/08 | 100485936 |

| SERVICE DESCRIPTION | PRICE |
|---|---|
| INVESTORS RESEARCH WIRE @ NO CHARGE | $ 0.00 |
| COMPLIMENTARY SEARCH ENGINE VISIBILITY @ NO CHARGE | $ 0.00 |
| RELEASE WATCH BASIC @ NO CHARGE | $ 0.00 |
| TODAY'S NEWS ON THE WEB @ NO CHARGE | $ 0.00 |
| US1 NATIONAL NEWSLINE | $ 680.00 |
| US1 NEWSLINE ADDITIONAL LENGTH CHARGE | $ 555.00 |
| MICROLIST - GENERAL LAW | $ 225.00 |
| MICROLIST - MORTGAGES | $ 125.00 |
| MICROLIST - RESIDENTIAL REAL ESTATE | $ 375.00 |
| HEADLINE : Susman Godfrey L.L.P. and Schiffer Odom Hicks PLLC File Proposed Class Action Lawsuit on Behalf of Investors in the Schwab YieldPlus Fund - SWYSX, SWYPX, | |

Copies of all press releases can be accessed from prnewswire.com

STORY DATE : 04/15/2008
BUREAU CODE : HO

| | |
|---|---|
| **PLEASE PAY THIS AMOUNT** ▶ | **$ 1,960.00** |

**We accept Visa, Mastercard, American Express and Discover Card**
For Billing and Payment Inquiries call:
**800-801-2147** or **888-776-0941**

# EXHIBIT C

# SUSMAN GODFREY L.L.P.

WWW.SUSMANGODFREY.COM

| | | | | |
|---|---|---|---|---|
| SUITE 5100 | SUITE 5100 | SUITE 3800 | SUITE 950 | 5TH FLOOR |
| 1000 LOUISIANA | 901 MAIN STREET | 1201 THIRD AVENUE | 1901 AVENUE OF | 654 MADISON AVENUE |
| HOUSTON, TEXAS | DALLAS, TEXAS | SEATTLE, WASHINGTON | THE STARS | NEW YORK, NEW YORK |
| 77002-5096 | 75202-3775 | 98101-3000 | LOS ANGELES, CA | 10065-8440 |
| (713) 651 - 9366 | (214) 754 - 1900 | (206) 516 - 3880 | 90067-6029 | (212) 336-8330 |
| | | | (310) 789-3100 | |

## FIRM RESUME

Founded in 1980, Susman Godfrey focuses its nationally recognized practice on just one thing: big - stakes commercial litigation. We are one of the nation's leading litigation boutique law firms with locations in Houston, Dallas, Los Angeles, Seattle, and New York. Each of the firm's 85 trial attorneys devotes all of his or her time and talent to achieving excellent outcomes within the complex commercial litigation environment.

How successfully does Susman Godfrey represent its clients?

When *The American Lawyer* recently held the first-ever "Litigation Boutique of the Year" competition, the firm was named one of the two top litigation boutiques in the nation.

"These firms manage to combine cutting-edge technologies, palpable tastes for risk, and an old-fashioned sense of partnership," said *The American Lawyer*. "The rewards are obvious: Their clients are stellar, and so are their profits."

In other words, Susman Godfrey represents its clients *very* well.

### A record of winning

Susman Godfrey's very first case, the *Corrugated Container* antitrust trial, led to one of the highest antitrust jury verdicts ever obtained. Off to an exceptional start, the firm devoted the next 25 years to helping businesses and individuals achieve optimal outcomes in some of the biggest and most-publicized commercial lawsuits in the nation. Recent high-profile victories (click on the links below to see the particular facts and circumstances of these representations):

- Representation of the plaintiffs in a number of successful private antitrust actions against Microsoft Corporation, including litigation or private negotiations on behalf of Gateway, Novell, Caldera, Be, Inc., and others.

- Representation of MicroUnity Systems in patent infringement litigation against Intel and Sony. Although the settlements are confidential, the financial terms of Intel's are disclosed in its third-quarter 2005 10Q.

- Representation of the bankruptcy estate of Enron Corp. against ten banks and investment banks for aiding and abetting breach of fiduciary duty and fraud. Settlements to date have brought more than one billion dollars in value to the Enron estate.

- Successfully concluded the pro bono representation of Texas Clean Air Cities Coalition which included Dallas, Houston, Fort Worth, Waco, El Paso, Plano, Arlington, Irving, and

28 other local governments across Texas. The cities were concerned about the environmental threats resulting from the large amounts of nitrogen oxides, sulfur dioxide, particulate matter, mercury, and carbon dioxide to be emitted from the proposed plants. The coalition of Texas cities challenged permit applications by TXU Corporation to build eight coal-fired power units across Texas. In February 2007, following the announcement of the proposed buyout of TXU by two private equity firms and citing a new environmental direction for the company, TXU announced that it would withdraw applications for all eight of the coal units that the coalition opposed.

These are only a few of our recent cases. Our practice area inserts provide a more complete description of Susman Godfrey's successes in a number of areas of commercial litigation, including intellectual property, antitrust, accounting malpractice, energy and natural resources, securities litigation, and climate change litigation.

**The will to win**

At Susman Godfrey, we want to win because we are stand-up trial attorneys, not discovery litigators. We approach each case as if it is headed for trial. Everything that we do is designed to prepare our attorneys to persuade a jury. When you are represented by Susman Godfrey, the opposing party will know that you are willing to take the case all the way to a verdict if necessary; this fact alone can make a good settlement possible.

*The American Lawyer* award confirmed Susman Godfrey's longstanding reputation as one of the premier firms of trial lawyers in the United States. We are often brought in on the eve of trial to "rescue" troubled cases or to take the reins when the case requires trial lawyers with a proven record of courtroom success.

We also want to win because we share the risk with our clients. We prefer to work on a contingency-fee basis so that our time and efforts pay off only when we win. Our interests are aligned with our clients—we want to achieve the best-possible outcome at the lowest possible cost.

Finally, we want to win because each of our attorneys shares a commitment to your success. Each attorney at the firm – associate as well as partner – examines every proposed contingent fee case and has an equal vote on whether or not to accept it. The resulting profit or loss affects the compensation of every attorney at the firm. This model has been a tremendous success for both our attorneys and our clients. In recent years, we have achieved the highest profit-per-partner results in the nation. Our associates have enjoyed performance bonuses equal to their annual salaries. When you win, our attorneys win.

**Unique perspective**

Susman Godfrey represents an equal number of plaintiffs and defendants. Ours is not a cookie-cutter practice turning out the same case from the same side of the bar time after time. We thrive on variety, flexibility, and creativity. Clients appreciate the insights that our broad experience brings. "I think that's how they keep their tools sharp," says one.

Many companies who have had to defend cases brought by Susman Godfrey on behalf of plaintiffs are so impressed with our work in the courtroom that they hire us themselves next time around – companies like El Paso Corporation, Georgia-Pacific Corporation, Mead Paper, Nokia Corporation and Tenneco.

We know from experience what motivates both plaintiffs and defendants. This dual perspective informs not just our trial tactics, but also our approach to settlement negotiations and mediation

presentations. We are successful in court because we understand our opponent's case as well as our own.

## A lean and mean structure

At Susman Godfrey, our clients hire us to achieve the best possible result in the courtroom at the least possible cost. Because we learned to run our practice on a contingency-fee model where preparation of a case is at our expense, we have developed a very efficient approach to commercial litigation. We proved that big cases do not require big hours. And, because we staff and run all cases using the same model, clients who prefer to hire us by the hour also benefit from our approach.

There is no costly pyramid structure at Susman Godfrey. As a business, we are lean, mean and un-leveraged – with a one-to-one ratio between partners and associates. To counter the structural bloat of our opponents, who often have three associates for each partner, we rely on creativity and efficiency.

Susman Godfrey's experience has taught what is important at trial and what can be safely ignored. We limit document discovery and depositions to the essential. For most depositions and other case related events we send one attorney and one attorney alone to handle the matter. After three decades of trials, we know what we need – and what is just a waste of time and money.

## Unparalleled talent

Susman Godfrey prides itself on a talent pool as deep as any firm in the country. Clerking for a judge in the federal court system is considered to be the best training for a young trial attorney, and 93% of our lawyers served in these highly sought-after clerkships after law school. Six of our attorneys have clerked at the highest level – for Justices of the United States Supreme Court.

Our associates are not document-churning drones. Each associate at Susman Godfrey is expected to second-chair cases in the courtroom from the start. Because we are so confident in their abilities, we make our associates eligible for partnership in just four years – about half the track at other law firms. We pay them top salaries and bonuses, make them privy to the firm's financials, and let them vote – on an equal standing with partners – on virtually all firm decisions.

Each trial attorney at Susman Godfrey is invested in our unique model and stands ready to handle your big-stakes commercial litigation.

Disclaimer: The information contained herein is revised frequently and is only accurate and current as of the date printed above.  Please call us for the most recent edition.

## SUSMAN GODFREY L.L.P.

# Marc M. Seltzer
# Partner



Los Angeles, California
Phone: 310.789.3102
Fax: 310.789.3006
mseltzer@susmangodfrey.com*

MARC M. SELTZER, born Los Angeles, California; admitted
to bar, 1972, California.

## EDUCATION

- University of California at Berkeley (B.A., 1969)
- UCLA School of Law (1972)

## PUBLICATIONS

- Co-author, California Federal Civil Rules (Matthew Bender & Co., Inc. 2005)
- Co-author, California Antitrust and Unfair Competition Law (Third 2003), published by the Antitrust and Trade Regulation Law Section, State Bar of California;
- "Choosing Between Class and Derivative Actions," published in Second Annual Institute, Class and Derivative Litigation in the 1990's - The New Frontier (Prentice Hall Law & Bus. 1991); and the same topic for the Third, Fourth, and Fifth Annual Institutes;
- "Measures of Damages in Private Actions for Violations of the Federal Securities Laws: The Basic Rules and Selected Problems," published in Securities Litigation 1990 (PLI 1990);
- Author: "Shareholders' Derivative Suits in Contests for Corporate Control," published in Securities Litigation 1986: Prosecution and Defense Strategies (PLI 1986);

## PROFESSIONAL AFFILIATIONS

- Bars of the United States District Courts for the Central, Southern, Eastern, and Northern Districts of California
- Eastern District of Texas
- United States Courts of Appeals for the Fifth, Ninth, Tenth, and Eleventh Circuits
- American Bar Association (and its Business Law, Antitrust Law, Torts and Insurance Law, and Litigation Sections)
- American Law Institute
- Association of Trial Lawyers of America
- Association of Business Trial Lawyers
- Past Vice-Chair of the Executive Committee, Antitrust and Unfair Competition Law

Section, State Bar of California
- President of the Ninth Judicial Circuit Historical Society, past President and current member of the Board of Directors of the Legal Aid Foundation of Los Angeles, member of the Board of Directors of the National Equal Justice Library, Board of Directors, Equal Justice Works, Board of Directors, American Friends of Hebrew University, Western Region
- Board of Editors of Class Action Reports
- Board of Trustees, Lawyers Committee for Civil Rights Under Law
- Selden Society

## HONORS & DISTINCTIONS

- Named a "Super Lawyer" by *Southern California Law & Politics* magazine (2004, 2005, 2006, 2007)
- 2004 American ORT Jurisprudence Award

Marc Seltzer has practiced law for more than thirty years in Los Angeles, California, litigating complex cases in both state and federal courts. For twenty years, he was a principal in the law firm of Corinblit & Seltzer, a Professional Corporation. Marc Seltzer's relationship with the partners of Susman Godfrey began in the late 1970's when Steve Susman and Marc Seltzer worked together on the *Corrugated Container* antitrust case. In the ensuing years, Mr. Seltzer and the lawyers of Susman Godfrey worked together on a number of cases. In February 1998, Marc Seltzer became a partner of Susman Godfrey L.L.P., and opened the firm's Los Angeles office. Since then, the office has become one of the leading litigation boutiques in Los Angeles.

Marc Seltzer concentrates his practice in the prosecution and defense of complex business law cases, including antitrust, securities, corporate and financial institution law matters.

Mr. Seltzer's involvement in nationally prominent litigation began in the mid-1970's, when he was tapped by Jack Corinblit to work on the massive *Equity Funding* securities litigation. That case consisted of more than 100 consolidated class and private action cases, and was settled in 1976 for over $60 million, then the largest recovery ever achieved in a securities fraud class action. See *In re Equity Funding Corp. of America Securities Litigation,* 438 F. Supp. 1303 (C.D. Cal. 1977). Later, in the 1980's, Mr. Seltzer was appointed by the Los Angeles federal court to serve as sole lead counsel to represent the plaintiff class in the *ZZZZ Best* securities fraud case. The *ZZZZ Best* fraud was described by the United States Attorney for the Central District of California as "the most massive and elaborate securities fraud perpetrated on the West Coast in over a decade," harking back to the *Equity Funding* case. The case was settled for more than $40 million and resulted in several important published decisions sustaining plaintiffs' claims. *See, e.g., In re ZZZZ Best Securities Litigation,* 864 F. Supp. 960 (C.D. Cal. 1994). More recently, Mr. Seltzer was, together with Steve Susman, part of the Susman Godfrey trial team representing approximately 90 financial institutions in a negligent misrepresentation case against one of the "Big Four" accounting firms. That case settled just prior to the commencement of trial. Among other cases Mr. Seltzer has litigated are:

*Masimo v. Tyco Healthcare L.P.,* an antitrust case in which Marc Seltzer served as co-trial counsel for the plaintiff, together with Steve Susman, Vineet Bhatia and Steve Morrissey. The case was tried to a verdict resulting in an award of $140 million (before trebling) in favor of the plaintiff in March 2005. A new trial has been granted as to damages. Post-trial proceedings are pending.

*In re Structured Settlement Litigation,* consolidated class actions brought in the Los Angeles Superior Court in which Marc Seltzer served as one of the lead counsel for the plaintiffs. The

case was settled in 2004 for approximately $135 million.

*In Motorcar Parts & Accessories Securities Litigation*, fourteen consolidated securities class actions in which Marc Seltzer was appointed by the Los Angeles federal court to serve as lead counsel for the class. The case was settled for $7.5 million in cash. *See Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215 (9th Cir. 2000).

*In re IDB Communications Group, Inc. Securities Litigation*, in which Marc Seltzer served as one of four co-lead counsel appointed by the Los Angeles federal court to represent the plaintiff class in more than twenty consolidated class action cases. The case was settled for $75 million.

*In re Taxable Municipal Bond Securities Litigation*, in which four lawyers, including Marc Seltzer, served on Plaintiffs' Executive Committee, and together with plaintiffs' lead counsel, supervised and managed every aspect of the litigation. This case was a consolidated multi-district proceeding brought on behalf of defrauded purchasers of municipal bonds. The case resulted in numerous reported decisions on important recurring issues arising under the federal securities laws. *See, e.g., In re Taxable Municipal Bond Litigation*, [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) 97,742 (E.D. La. 1993). After several years of intense litigation, the case was settled for approximately $110 million.

*Financial Federation, Inc. v. Ashkenazy*, in which Marc Seltzer and his co-counsel successfully defended a case brought by a savings and loan association against persons who sought to take control of the institution in a bench trial in Los Angeles federal court. *See Financial Federation, Inc. v. Ashkenazy*, [1984 Transfer Binder] Fed. Sec. L. Rep. (CCH) 91,489 (C.D. Cal. 1983).

*Green v. Occidental Petroleum Corp.*, in which Marc Seltzer, together with co-counsel, represented plaintiffs in consolidated securities class action cases that established important precedent in the Ninth Circuit regarding the certification of plaintiff classes and the computation of damages in securities fraud cases. *See Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir. 1976). The case was settled for $12 million.

*Wool v. Tandem Computers, Inc.*, a securities class action in which Marc Seltzer played a leading role. One of the notable achievements in this case was a victory for the plaintiffs in the Ninth Circuit which established important precedent concerning the measure of damages recoverable in federal securities fraud class action cases, the standard for "controlling person" liability under the federal securities laws and the requirements for pleading fraud with the particularity specified under Rule 9(b), Fed.R. Civ. P. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir. 1987). Following the issuance of the Ninth Circuit's opinion, the case was settled for $16.5 million.

*Plaine v. McCabe*, a securities class action, in which Marc Seltzer argued before the Ninth Circuit, obtaining a substantial victory for plaintiffs, establishing significant precedent in the Ninth Circuit regarding the standards for liability for violations of tender offer disclosure rules under the federal securities laws. *See Plaine v. McCabe*, 797 F.2d 713 (9th Cir. 1986).

*Biben v. Card*, where Marc Seltzer served as co-lead counsel for plaintiffs. The plaintiffs achieved substantial pretrial victories, including establishing the validity of their claims under the federal securities laws against the director, accountant and attorney defendants in that case. *See Biben v. Card*, [1984-1985 Transfer Binder] Fed. Sec. L. Rep. (CCH) 92,010 (W.D. Mo. 1985), *on denial of motion for reconsideration*, [1984-1985 Transfer Binder] Fed. Sec. L. Rep. (CCH) 92,083 (W.D. Mo. 1985). The case settled for approximately $12 million.

*Sanwa Bank California v. Facciani*, where Marc Seltzer was co-lead counsel for a class of investors in a state court securities case and a companion federal case in which settlements

totaling approximately $26 million were obtained on behalf of defrauded investors.

*In re California Indirect-Purchaser Infant Formula Antitrust Class Action Litigation* was comprised of several consolidated consumer class actions brought for the alleged price-fixing of infant formula products. Marc Seltzer was appointed by the court to serve as one of two co-lead counsel for plaintiffs and the class. The case was settled for more than $20 million.

*Lilienthal v. Levi Strauss & Co.*, an individual minority shareholder's action for breach of fiduciary duty by the majority owners, which resulted in a judgment after trial for the plaintiff providing for a recovery in excess of $3 million.

*Small v. Sunset Park*, where Marc Seltzer was counsel for a class of investors in a state court class action involving an alleged Ponzi scheme in which settlements totaling more than $16.8 million were obtained, including $12 million paid in settlement by a then "Big Five" accounting firm.

*Schneider v. Traweek*, federal and state court securities class actions in which Marc Seltzer was lead counsel for the plaintiffs. Significant victories were obtained on plaintiffs' behalf in defeating motions to dismiss and in obtaining class certification. *See Schneider v. Traweek* [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) 95,419 and 95,505 (C.D. Cal. 1990). The case was settled for approximately $14 million.

*Johnson v. Boston*, where Marc Seltzer was co-lead counsel for a class of investors in a nationwide class action in state court in which approximately $20 million in settlements were achieved for investors.

In 1972 and 1973, he was a Deputy Attorney General for the State of California specializing in criminal appellate cases. In 1985, Mr. Seltzer was elected to the membership of the American Law Institute.

*Internet mail is not fully secure or private. Therefore, please do not transmit confidential information via Internet mail. Transmission of information is not intended to and does not create an attorney-client relationship. Please do not assume that your communications sent using Internet mail is privileged or confidential. Please do not send Susman Godfrey any confidential information via the Internet without previously consulting one of our attorneys.

**Nothing on this web page is intended to represent that Susman Godfrey currently represents any particular clients mentioned because matters and client relationships naturally terminate from time to time.

**EXHIBIT D**

## SCHIFFER ODOM HICKS CLASS ACTION RESUME

**QUALIFICATIONS OF ADAM P. SCHIFFER**

After practicing with Vinson & Elkins LLP and King & Spalding LLP, two major, international law firms, for the past 22 years, Adam Schiffer formed his own law firm, Schiffer Odom Hicks PLLC, in June 2007.  The firm's practice is concentrated 100 percent on dispute resolution.

Schiffer has handled four major class actions.  The first involved a series of nationwide class action claims against American General Corporation arising out of the market conduct of American General and its subsidiaries in the selling of insurance products.  Schiffer represented American General and its subsidiaries in the defense of these class actions across the United States.  The class actions were resolved by a court approved class settlement.

Schiffer represented Chase Bank of Texas, N.A. in a statewide class action filed in state court in Texas.  Plaintiff sought to certify a class of bank customers who had paid penalties as a result of having non-sufficient funds ("NSF") in their bank accounts.  The primary allegation was that the bank would place customer's checks in line for payment in an order that maximized the NSF fees owed to the Bank.  Schiffer and other lawyers obtained the dismissal of Plaintiffs' claims prior to certification.

Schiffer defended a nationwide class action (later reduced to a state-wide class action) against Fleetwood Motor Homes involving the motor homes' implied warranty of suitability for towing vehicles.  Following several appeals to the Fifth Circuit, the class action was resolved by a court approved class settlement.

Schiffer represented Acordia National, Inc., a third-party claims administrator that provides administrative services to self-funded employee benefit plans, in a statewide class action filed in state court in southern Illinois. Plaintiff sought to certify a class of all attorneys that had obtained recoveries for members of health plans administered by Acordia, but to whom Acordia had not paid attorneys' fees. Schiffer and his team obtained the dismissal of Plaintiffs' claims prior to the certification of a class.

**QUALIFICATIONS OF LOGAN JOHNSON**

Logan Johnson obtained his J.D. from the University of Virginia and practiced complex commercial litigation at international law firm, Vinson & Elkins for over eight years before joining Schiffer Odom Hicks PLLC in 2008.

Johnson has handled three major class action lawsuits. Johnson worked with Schiffer in representing Chase Bank of Texas, N.A. in a statewide class action filed in state court in Texas.

Johnson also worked with Schiffer on a nationwide class action (later reduced to a state-wide class action) against Fleetwood Motor Homes involving the motor homes' implied warranty of suitability for towing vehicles.

For the past three years, Mr. Johnson has represented AT&T, Inc. f/k/a/ SBC Communications, Inc. ("AT&T") in a nationwide ERISA class action brought by a group of AT&T retirees. The primary allegation in this case is that cash reimbursements that were provided to some retirees in lieu of free telephone service constituted a defined benefit pension plan under ERISA. Johnson was the lawyer with primary responsibility for the work-up of this immense case through the discovery period. His responsibilities

2

included all phases of discovery, including taking all but two of the depositions, briefing, and motion practice.    This case was tried to an advisory jury in Federal Court in the Western District of Texas in October 2007.    At trial, Mr. Johnson split first-chair responsibilities.  The parties are still awaiting a final decision from the Court.

QUALIFICATIONS OF ANDREW HICKS

Andrew Hicks obtained his J.D. from the University of Chicago and practiced at international law firms, Vinson & Elkins and King & Spalding, for a combined 6 years before co-founding Schiffer Odom Hicks, PLLC in June 2007.

Hicks has represented defendants in class action and mass action suits filed in California, Delaware, Florida, Hawaii, Illinois, Kentucky, New Jersey, Oklahoma, and Texas.  His role in these cases includes all phases of discovery, briefing, and motion practice.    These cases include the defense of: a series of statewide and nationwide consumer class actions filed against a national chain of automotive service providers regarding allegedly deceptive add-on fees; a major oil company in both mass actions and class actions related to injuries caused by pesticides; and the chief financial officer of a healthcare company sued in a securities fraud class action.  Finally, Hicks assisted Adam Schiffer in the defense of Acordia National in a statewide class action filed in Illinois.

QUALIFICATIONS OF KATE JORDAN

Kate Jordan has represented clients in a variety of large-scale class action lawsuits.  Jordan was responsible for formulating arguments and drafting briefs and motions that resulted in federal securities class actions against BMC Software, Inc., Continental Airlines *(In re America West Airlines Securities Litigation)*, and Texas brokerage firm Josephthal &

3

Company, respectively, to be dismissed without the need of a trial, for failure to state a claim under the Private Securities Litigation Reform Act.    Jordan also successfully opposed class certification in a lawsuit filed against nationwide service provider Waste Management, Inc.  Jordan developed defenses for, drafted motions and participated directly in negotiations that resulted in two additional federal securities class actions against Austin-based venture capital company Prime New Ventures to be settled while her clients' motions to dismiss were pending.

# Schiffer Odom Hicks PLL

Trial Lawyers.

# Adam P. Schiffer



**Adam P. Schiffer**    aschiffer@sohlawfirm.com
**Direct Dial:** 713.357.5151    **Fax:** 713.357.5160

I have been practicing civil trial law since 1986. I have tried 20 jury trials, 2 non-jury trials, 3 temporary injunction hearings, and 14 arbitrations.

I have represented plaintiffs in 14 trials/arbitrations:

- Verdicts or awards for money damages were obtained in all but one case.
- Monetary awards total $243 million in the aggregate, and two arbitral tribunals are currently considering cases in which my clients seek $400 million in damages.
- After payment of contingency fees, clients received in settlements or collections a total of $199 million.

I have represented defendants in 23 trials/arbitrations:

- 7 cases resulted in complete defense verdicts.
- 7 cases settled favorably during trial.
- 2 cases ended in mistrials.
- 7 cases (including one that was previously mistried) resulted in adverse verdicts or awards in the aggregate amount of $9.75 million. Of these, one trial judgment accounts for $2.8 million (plaintiff argued for $200 million), and one arbitration award accounts for $5 million (I defended the guarantor on a $5 million unconditional letter of credit; not surprisingly, and as expected by my client and me, the tribunal found the obligation unconditional).

I have handled 3 temporary injunction hearings involving trade secrets on behalf of plaintiffs. A temporary injunction was received in each case

I have had lawsuits in Alabama, Arizona, California, Delaware (Chancery), Georgia, Illinois, Kentucky, Louisiana, Montana, Nevada, Pennsylvania, Tennessee and Texas.

I have had arbitrations in Dallas, D.C., Houston, Geneva, London, Las Vegas, Mexico City and New York under the rules of the ICC, UNCITRAL, ICSID, JAMS and AAA, involving disputes arising in Argentina, China, the Former Soviet Union, India, Mexico, Peru, Trinidad Tobago and Turkey and the substantive laws, among others, of Argentina, England, Mexico, Russia, Trinidad and Turkey, and principl international law.

I was an Associate at Vinson & Elkins LLP from 1986-93 and a Partner from 1994-2003. I was a Partner at King & Spalding LLP from 2003-2007.

I have been board certified in Civil Trial Law by the Texas Board of Legal Specialization since 1992.

**Peer Selections and Recognitions**

- American Board of Trial Advocates
- Chambers U.S.A
- Euromoney's Experts Guide
- Best Lawyers
- Who's Who
- Texas Monthly
- Legal 500

Education:

- Dickinson College, magna cum laude, History and International Studies, 1983; Phi Beta Kappa; William Lennox Avis History Prize.
- University of Houston Law Center, cum laude, 1986; Houston Law Review; Order of the Coif; Houston Bar Foundation Award.

# Adam Schiffer's Career Won-Loss Record

Jury Trials

1. *Fluor Enterprises v. Solutia, Inc.;* Cause No. G-01-74; in the U.S. district court for the Southern District of Texas, Houston Division.
   - Co-lead counsel; represented plaintiff in a construction lawsuit.
   - After a two week trial in October 2002, the jury returned a unanimous verdict in favor of plaintiff and awarded plaintiff $34.5 million in damages - all we asked for.
   - Settled for $20 million. (Law firm was paid by the hour and was not paid a contingency fee)

2. *Jack Cameron, et al v. Richard Pharr;* Cause No. 98-62788; in Texas state court, Harris County, Texas.
   - Co-lead counsel; represented two of the defendants in a breach of contract and fraud lawsuit arising out of a dispute between partners over proceeds from the sale of a business.
   - Hired several months before trial to assist in the trial of the case.
   - Favorable settlement of the case after one-week of trial in October 2000.
   - Case reported on jurisdictional issues: 2000 Tex. App. 4870.

3. *Waco Medical Group v. Hillcrest Baptist Medical Center;* Cause No. 97-11086; in Texas state court, Travis County, Texas.
   - Co-lead counsel; represented defendants in a breach of contract, breach of fiduciary duty and fraud lawsuit arising out of a joint venture between the parties to create a health care Preferred Provider Organization in Waco, Texas.
   - Favorable settlement after one-week of jury trial in September 1999.

4. *Chung's Gourmet Foods v. Delta Daily Foods;* Cause No. 97-59532; in Texas state court, Harris County, Texas.
   - Lead counsel; represented plaintiff in a tortious interference with a contract lawsuit arising out of a contract to manufacture and wholesale frozen oriental style dinners.
   - After a six day jury trial in August 1999, the jury returned a verdict of $14.5 million for our client - all that we asked for.
   - Settled for $4 million when defendant liquidated business following entry of judgment. Client paid a contingency fee of $1.6 million out of $4 million recovery.

5. *Ronnie Cuenod v. Corestaff;* Cause No. 95-55119; in Texas state court, Harris County, Texas.
   - Co-lead counsel; represented defendant in a breach of contract and fraud lawsuit involving stock purchase rights under a severance agreement.
   - After a seven day jury trial in September 1998, the judge declared a mistrial, as the jury was unable to reach a verdict. Case settled favorably thereafter.

6. *ICO v. John Wood Group;* Cause No. 94-49767; in Texas state court, Harris County, Texas.
   o Lead counsel; represented plaintiff in a breach of contract and fraud lawsuit involving breach of a letter agreement to purchase a company.
   o After a five week jury trial in October-November 1997, the jury returned a verdict in favor of our client for approximately $16 million.
   o Appeals court reversed and rendered against plaintiff.
   o Case reported: 26 S.W.3d 12 (Tex. App. - Houston [1st Dist.] 2000, writ denied).

7. *Susan Lee v. Ronnie Lee;* Cause No. 137,506-402; in Texas Probate Court, Harris County, Texas.
   o Co-lead counsel; represented the defendant in a breach of fiduciary duty lawsuit involving the management of a family trust with assets worth $50 million.
   o After a seven week jury trial in January-February 1996, the jury returned adverse findings against our client. However, the judge disregarded some of the findings and entered judgment against defendant for $2.8 million on plaintiff's claims of $200 million.
   o The appeals court affirmed the trial court's judgment.
   o Case reported: 47 S.W.3d 767 (Tex. App. - Houston [14th Dist.] 2001, pet. for writ of review pending).

8. *Susan Lee v. Ronnie Lee;* Cause No. 137,506-402; in Texas Probate Court, Harris County, Texas.
   o Judge declared a mistrial after one week in November 1995, because of juror misconduct.

9. *Neste Oy v. Sun Oil Refining Company;* Cause No. 90-51438; in Texas state court, Harris County, Texas.
   o Lead counsel; represented plaintiff in a breach of contract lawsuit involving defendant's failure to pay for cargo of crude oil, causing plaintiff to lose a $1 million profit.
   o After a six day jury trial in September 1993, the jury returned a verdict in favor of our client for $1 million, plus attorneys' fees - all that we asked for.
   o Defendant paid judgment. (Law firm was paid by the hour and was not paid a contingency fee)

10. *Hancock v. Navistar;* Cause No. 85CV0980; in Texas state court, Galveston County, Texas.
    o Second-chair; represented defendant in a products liability lawsuit arising out of a serious automobile accident.
    o After a four week jury trial in April 1992, the jury returned a verdict that defendant was not liable to plaintiff.

11. *Harvill v. Whirlpool;* Cause No. 29,884; in Texas state court, Hardin County, Texas.
    o Lead Counsel; represented defendant in a products liability lawsuit arising from a fire that burned down plaintiffs' house.
    o The court declared a mistrial after the third day of a jury trial in the spring of 1991, when one juror suffered a heart attack and another juror's husband suffered a heart attack on the same day of trial. Case settled thereafter.

12. *Neomed v. Airshields Vickers;* Cause No. 88-8148; in the U.S. district court for the Eastern District of Pennsylvania, Philadelphia Division.
    o Lead counsel; represented plaintiff in a breach of contract lawsuit arising from defendant's cancellation of a long-term contract to supply infant ventilators.
    o After a six day jury trial in September 1990, the jury returned a verdict for plaintiff for $150,000. We were asking for $250,000.
    o Case reported on jurisdictional issues: 891 F.2d 63 (3d Cir. 1989).
    o Case settled for $150,000. Client paid a contingency fee of $50,000 out of the settlement proceeds.

13. *Gougler v. Wal-Mart;* Cause No. H-86-543; in the U.S. district court for the Southern District of Texas, Houston Division.
    o Lead counsel; represented defendant in a negligence lawsuit arising from a slip and fall.
    o After a two day jury trial in the spring of 1990, the jury returned a verdict for the defendant.

14. *Genesis v. DEI;* Cause No. 85-66363; in the state court of Harris County, Texas.
    o Second-chair; represented plaintiff in a breach of contract lawsuit arising from defendant's investment in an oil and gas exploration and development program.
    o After a six day jury trial in September-October 1989, the jury returned a verdict in excess of $28 million for plaintiff.
    o Case settled for $18 million. (Law firm was paid by the hour and was not paid a contingency fee)

15. **Todd v. Carvel Ice Cream;** Cause No. S-86-42-CA; in the U.S. district court for the Eastern District of Texas, Sherman Division.
    - Second-chair; represented defendant in a breach of contract and deceptive trade practices act lawsuit arising out of a franchise agreement.
    - After a five day jury trial in September 1989, the jury returned a verdict that plaintiff take nothing and that defendant recover on its counterclaim.
    - Case reported: 915 F.2d 693 (5th Cir. 1990).

16. **Ainslie v. Carvel;** Cause No. 84-03265; in state court of Harris County, Texas.
    - Second-chair; represented defendant in a breach of contract and deceptive trade practices act lawsuit arising out of a franchise agreement.
    - After a seven day jury trial in May 1988, the jury returned a verdict for plaintiff for $400,000.
    - Verdict reduced through post-trial motions to approximately $150,000.

17. **Bass v. CRG;** Cause No. 86-19788; in the state court of Harris County, Texas.
    - Lead counsel; represented defendant in a negligence lawsuit involving property damage to an airplane that was in defendant's custody.
    - After a three day jury trial in April 1988, the jury returned a verdict for defendant.

18. **Biehle v. Curran;** Cause No. 41,098; in the state court of Montgomery County, Texas.
    - Lead counsel; represented defendant in a lawsuit for trespass arising out of the construction of a gas pipeline.
    - After a three day jury trial in March 1988, in which liability was admitted, the jury returned a verdict for $3,000 against defendant.

19. **Krim v. Carvel;** Cause No. 85-38625; in the state court of Harris County, Texas.
    - Second-chair; represented defendant in a breach of contract and deceptive trade practices act lawsuit arising from a franchise agreement.
    - After a two week jury trial in November 1987, the jury returned a verdict in favor of plaintiff for approximately $1 million.

20. **Tripoli v. Stroud;** Cause No. 513352; in the county court of Harris County, Texas.
    - Co-lead counsel; represented defendant in a landlord-tenant dispute.
    - After a two day jury trial in April 1987, the case favorably settled while the jury was deliberating with our client paying nothing.

## Non-Jury Trials

1. **John Barnes v. John Hancock Mutual Life Insurance Company;** Chancery Court in Dover, Delaware.
    - Lead counsel; represented defendant in a breach of contract and breach of fiduciary duty lawsuit arising out of an oil and gas investment partnership.
    - Case settled after a two-day, non-jury trial in March 1993, but before the Chancellor issued his rulings.

2. **Weingarten Realty v. Carvel;** Harris County, Texas.
    - Lead counsel: represented defendant in a breach of contract lawsuit over defendant's guaranty of a lease.
    - After a one-day non-jury trial in February 1988, the judge entered a judgment in favor of defendant.

## Arbitration Hearings

1. **El Paso v. Argentina;** ICSID Case No. ARB/03/15.
    - Co-counsel; represented claimant in a $200 million dispute over the loss o fan investment in Argentina.
    - International and Argentine law applied; case tried for two weeks in Washington, D.C. in June 2007.

2. **Company John Doe v. Pemex;** Case No. 13683/CC); ICC.
    - First-chair; represented Claimant in a $215 million construction dispute with Pemex.
    - Mexican law applied: case tried for one-week in Mexico City the week of November 27, 2006.

o Final briefs due January 31, 2007 and decision expected within six months or a year thereafter.

3. *Coral Energy v. Western Farmers Cooperative;* No. 71 198 Y 00153 05; American Arbitration Association.
   o First-chair; represented Claimant Coral Energy in breach of contract dispute seeking contract construction and declaration.
   o Oklahoma law applied; case tried for one week in Dallas in August 2005.
   o Adverse ruling by sole arbitrator, but Respondent voluntarily complied with contract requests by Coral after hearing.

4. *Korea National Oil Corporation, Peruvian Branch (Peru), 2. Daewoo International Corporation, Peruvian Branch (Peru), 3. SK Corporation, Peruvian Branch (Peru) vs. Pluspetrol Norte S.A. (Peru);* No. 12934/KGA - 1; ICC.
   o First-chair; represented respondent.
   o Texas law applied; case tried for two days in Houston in August 2004.
   o Legal Construction of a Joint Operating Agreement provision.
   o Award in favor of Claimants on contract construction, but no damages.

5. *Texaco Bohai China v. Apache Corporation;* No. 50 T 198 00011 01; AAA-International Rules.
   o Co-counsel; represented claimant.
   o New York law applied; hearing for two weeks in Houston in January 2004.
   o Breach of farm-in agreements.
   o Award in favor of claimant for $71 million.
   o Final judgment entered, and Fifth Circuit affirmed.
   o Respondent paid judgment with interest of $81 million. (Law firm was paid by the hour and was not paid a contingency fee)

6. *SBD Sakarya Bolu Elektrik Dagitim AS v. The Republic of Turkey, represented by the Ministry of Energy and Natural Resources;* ICC Arbitration N° 12575/MS
   o First-chair; represented claimant. Hired two weeks before the final hearing.
   o Turkish law applied; hearing in Geneva in December 2003.
   o Breach of contract involving distribution of electricity to a region of Turkey.
   o Award in favor of claimant for $28 million.
   o Government paid award. (Law firm was paid by the hour and was not paid a contingency fee)

7. *Li Doyle v. Integrated Electrical Services, Inc.;* No. 70 166 00665 02; American Arbitration Association.
   o First chair; represented employer in a breach of employment agreement dispute.
   o Texas law applied; case tried for three days in Houston in March 2003.
   o Claimant recovered severance payment of approximately $400,000 but denied bonus and stock options claims asserted in the millions.

8. *Mosbacher India LLC v. Energy Equity Corporation;* LCIA arbitration
   o First chair; represented claimant operator in JOA dispute.
   o Indian law applied; case tried for two weeks in July 2003.
   o Award in favor of claimant entitling claimant to sole possession of gas property worth $30 million for a payment to respondent of a discounted book value of less than $4 million. (Law firm was paid by the hour and was not paid a contingency fee)

9. *Harrah's Operating Company v. "John Doe"* (JAMS arbitration)
   o First chair; represented the respondent who defaulted on a letter of credit, requiring him to pay approximately $5 million to Harrah's Operating Company.
   o A retired Judge presided over the one-week hearing, which took place in Las Vegas, Nevada in December 2001. Nevada law applied.
   o Case could not be won given the unconditional nature of the letter of credit, but the client could not afford to pay and went to hearing as a way to buy time.
   o Award in favor of claimant.

10. ***Carl Rau, Ph.D. v. Rice University*** (AAA arbitration)
    - First chair; represented Respondent Rice University against claims by Plaintiff, a professor at Rice, who sued over the re-establishment of his nano-physics laboratory. Rice claimed the cost to re-establish the laboratory was approximately $500,000. The Professor claimed the cost was approximately $6 million.
    - Three former district and appellate court judges presided over the two-day hearing, which took place in Houston, Texas in May 2001.
    - A final award was entered in favor of Rice, requiring Rice to spend only $500,000 to re-establish the laboratory.

11. ***Lummus Global Amazonas v. Aguaytia Energy Del Peru S.R. LTDA*** (ICC arbitration)
    - Co-lead counsel; represented the defendant in an arbitration over the construction of a power plant in Peru.
    - Three lawyers with expertise in construction law presided over a two week hearing in Houston, Texas in February 2000.
    - Our client recovered an approximately $10 million judgment on its counterclaim; Claimant recovered nothing on its claims.
    - Award appealed by respondent and affirmed by federal district court.
    - Settled for $10 million. (Law firm was paid by the hour and was not paid a contingency fee)

12. ***Eastern Petroleum Corporation v. Enron Oil and Gas*** (ICC arbitration)
    - First chair; represented the respondent in a breach of contract action involving the development of an oil and gas property in Trinidad.
    - Three English arbitrators, including a retired Law Lord, presided over the three day arbitration in London, England under English law in June 1999.
    - The arbitrators' final award found that Enron Oil and Gas was not liable to plaintiff for breach of contract and required plaintiff to pay Enron's costs of arbitration.

13. ***Tripetrol v. Khabarovsk Oil Refinery*** (ICC arbitration)
    - Co-lead counsel; represented the claimant in a breach of contract involving the modernization of an oil refinery in Siberia, Former Soviet Union under Russian law.
    - Three arbitrators, including a Queens Counsel and the then-presiding judge of the World Court, conducted a two week arbitration in London, England in January 1998.
    - The final award was rendered in favor of plaintiff in an amount of approximately $14 million.
    - Respondent paid full amount of award. (Law firm was paid by the hour and was not paid a contingency fee)

14. ***Kingwood Medical Center v. Gresham, Smith & Partners*** (AAA arbitration)
    - Co-lead counsel; represented respondent in an architect and engineering malpractice case over the construction of a hospital. Claimant claimed deficiencies and lost profits from a delayed opening in the tens of millions of dollars.
    - After a two week hearing in May 1993, the panel of three arbitrators awarded claimant total damages of $59,000.

Copyright © 2007 | Schiffer Odom Hicks PLLC | Phoenix Tower, 3200 Southwest Freeway, Suite 2390, Houston, Texas 77027