UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CHARLES SCHWAB CORP. SECURITIES LITIGATION | No. 08-cv-01510 WHA |
|---|---|
| THIS DOCUMENT RELATES TO: All Actions | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| | Date Action Filed: March 18, 2008 |

010036-12 365488 V1

This matter came before the Court for hearing pursuant to this Court's May 26, 2010 Order Granting Preliminarily Approving Settlement and Providing Notice (the "Preliminary Approval Order"), on the Unopposed Motion of the Lead Plaintiffs for approval of the settlement set forth in the April 23, 2010 Stipulation of Settlement (the "Stipulation").  Due and adequate notice having been given of the settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties, including all Class Members.

3. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Class Members, and as against each and all of the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Federal Classes and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby confirms the certification of the Federal Classes.  Excluded from the Federal Classes are Defendants, members of the immediate families of the Individual Defendants, directors and

officers of Defendants, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the previous Notice of Pendency of Class Action.

6. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

7. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

8. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10. Any plan of allocation or distribution submitted by Lead Counsel or any order entered regarding a Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Stipulation, to defend against the assertion of the Released Claims, or as otherwise required by law.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation, until December 31, 2012.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. If the Effective Date does not occur, or in the event the Settlement is terminated or fails to become effective for any reason, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties, with the exception of ¶¶ 1.1-1.39, 3.7, 3.8, 3.9, 4.9, 4.10, 6.2, 6.3, 6.4, 7.1, 7.3, 7.4, and 7.5 of the Stipulation, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be vacated as *nunc pro tunc*.

**The Clerk shall close the file.**
**IT IS SO ORDERED.**

DATED:  April 19, 2011.

HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE